## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 17CV934

LORI LEYBA, an individual, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Illinois corporation, Defendant.

### COMPLAINT AND JURY DEMAND

Plaintiff Lori Leyba-Sellers, through counsel, The Greer Law Group, PLLC, complains as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Lori Leyba ("Ms. Leyba") is and was at all times relevant to this Complaint an individual residing in Colorado Springs, Colorado.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is and was at times relevant to this Complaint an Illinois corporation with its principal place of business in Illinois.

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7

4. Venue is proper in this Court because, among other things, this Complaint alleges causes of action arising out of an insurance policy issued in Colorado.

## GENERAL ALLEGATIONS

5. On July 11, 2011, Ms. Leyba was involved in a motor vehicle accident in which she sustained severe injuries including a traumatic brain injury.

6. At the time of the collision, Ms. Leyba was driving a motor vehicle owned by Dwight Cooper.

7. Mr. Cooper is the policy holder of a $100,000 underinsured motorist insurance ("UIM") policy underwritten by State Farm.

8. There is no dispute that Mr. Cooper's $100,000 UIM policy provided UIM coverage to Ms. Leyba at the time of the collision.

9. The collision was caused by the acts and omissions of Kristi Marchiani ("Ms. Marchiani") who, upon information and belief, resided in Colorado Springs, Colorado.

10. The collision occurred at the corner of Andromeda Drive and Orion Drive, Colorado Springs, El Paso County, Colorado. Ms. Leyba was on Orion Drive making left (West bound) turn onto Andromeda Drive. Ms. Marchiani was East bound on Andromeda Drive approaching Orion Drive.

11. Ms. Marchiani did not stop as required at stop sign and struck Ms. Leyba's vehicle.

12. Ms. Marchini's left front impacted with driver door of Ms. Leyba's vehicle with significant force to cause Ms. Lebya's vehicle to roll onto it's right side.

7

13. Ms. Leyba engaged in settlement negotiations with Ms. Marchini, ultimately filed suit and reached a settlement with Ms. Marchini early in the discovery process.

14. After settling with Ms. Marchini, Ms. Leyba's counsel contacted State Farm to seek benefits for Ms. Leyba pursuant to the UIM policy.

15. In particular, Ms. Leyba's counsel prepared and forwarded a formal settlement demand and packet of supporting documents, including extensive medical records, to State Farm and requested payment of UIM benefits.

16. Ms. Leyba suffered significant damages from the collision including past and future medical expenses, emotional distress, and pain and suffering.

17. Despite these damages, State Farm has only offered to pay Ms. Leyba $1,500 for her UIM claim.

18. State Farm's offer is unreasonable on its face and does not factor the damages substantiated by the documentation Ms. Leyba provided.

19. State Farm refuses to pay the UIM benefits to which Ms. Leyba is entitled.

### FIRST CLAIM FOR RELIEF
**(Breach of Insurance Contract)**

20. Ms. Leyba incorporates all previous paragraphs herein by reference.

21. The UIM Policy is a contract for insurance. As the driver of the vehicle insured by the State Farm policy, Ms. Leyba is a beneficiary of the policy who is entitled to enforce it.

22. The UIM Policy requires State Farm to pay UIM benefits to covered individuals such as Ms. Leyba.

23. Ms. Leyba is entitled to benefits under the UIM policy because she has not been fully compensated for injuries she sustained in the automobile collision caused by the acts and omissions of Ms. Marchiani.

24. State Farm breached the terms of the UIM Policy by failing and refusing to pay full UIM benefits to Ms. Leyba.

25. Ms. Leyba has performed or is excused from performing all of her obligations under the UIM Policy.

26. Ms. Leyba has satisfied all conditions precedent to recovery under the UIM Policy.

27. Ms. Leyba suffered damages in an amount to be established at trial, for which State Farm is liable.

## SECOND CLAIM FOR RELIEF
**(Common Law Bad Faith Breach of Contract)**

28. Ms. Leyba incorporates the preceding paragraphs as if set forth in full herein.

29. The UIM Policy contains an implied covenant of good faith and fair dealing under which State Farm must treat all beneficiaries, including Ms. Leyba, fairly, honestly, and in good faith. State Farm must further faithfully perform its duties under the UIM Policy and to do nothing to impair, interfere, hinder, or potentially injure Ms. Leyba's right to receive benefits under the UIM Policy.

30.     State Farm breached its duty of good faith and fair dealing in several ways. Among other things, State Farm breached its duty by refusing to properly evaluate Ms. Leyba's claim under the UIM Policy and failing to pay for proper claims.

31.     In violation of Colo. Rev. Stat. § 10-3-1104(1)(h)(VI), State Farm willfully or with such frequency as to indicate a tendency to engage in a general business practice failed to attempt in good faith to effectuate prompt, fair, and equitable settlement of Ms. Leyba's claim in which State Farm's liability had become reasonably clear.

32.     In violation of Colo. Rev. Stat. § 10-3-1104(1)(h)(VII), State Farm willfully or with such frequency as to indicate a tendency to engage in a general business practice compelled Ms. Leyba to institute litigation—here—to recover amounts due under the UIM Policy by offering substantially less than the amounts reasonably expected to be recovered in said action.

33.     State Farm's actions were unreasonable, outrageous, and exhibited reckless disregard for the physical injuries, damages, and losses Ms. Leyba sustained as a result of the subject accident, and thus constitute bad faith on the part of State Farm.

34.     As a result of State Farm's bad faith breach of the UIM Policy, Ms. Leyba has suffered damages in an amount to be established at trial, for which State Farm is liable.

35.     The injuries resulting from State Farm's bad faith breach of insurance contract are attended by circumstances of malicious and willful and wanton conduct, entitling Ms. Leyba to an award of exemplary damages against Ms. Leyba. Accordingly, Ms. Leyba

reserves the right to amend her Complaint at the appropriate time to assert a claim for punitive damages.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. §§ 10-3-1115, 1116)

36. Ms. Leyba incorporates the preceding paragraphs as if set forth in full herein.

37. Colo. Rev. Stat. §§ 10-3-1115(1), (2) forbid an insurer from unreasonably denying or delaying payment of a claim for benefits owed to or on behalf of a first-party claimant.

38. Ms. Leyba was a first-party claimant within the meaning of Colo. Rev. Stat. §§ 10-3-1115(1), (2).

39. State Farm unreasonably delayed (and to this day continues to delay), and has also unreasonably denied, the payment of the UIM claim properly submitted by Ms. Leyba pursuant to her valid insurance contract with State Farm.

40. Colo. Rev. Stat. § 10-3-1116(1) provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action to recover her attorneys' fees and costs as well as twice the amount of the covered benefits unreasonably delayed or denied.

41. State Farm's refusal of payment is unreasonable because State Farm has refused to pay a covered benefit without a reasonable basis. Indeed, the medical records and documents submitted by Ms. Leyba to State Farm alone demonstrate that her UIM damages well exceed the $1,500 offered by State Farm.

7

WHEREFORE, Ms. Leyba respectfully requests that judgment be entered as follows:

- a) Judgment in her favor on all claims;

- b) An award of all available damages in connection with the claims asserted together with costs and pre-judgment and post-judgment interest pursuant to Colorado statutory law as well as any other applicable law, expert witness fees, and costs, as permitted by law;

- c) Damages in the amount of two times the covered benefit under the UIM Policy pursuant to Colo. Rev. Stat. § 10-3-1116;

- d) An award of attorneys' fees and costs against State Farm pursuant to Colo. Rev. Stat. §§ 10-3-1115, 1116 and any other applicable law; and,

- e) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Ms. Leyba demands a trial by jury on all issues so triable.

Respectfully submitted 14th day of April, 2017.

                THE GREER LAW GROUP, PLLC
                *(Signed Original on File at The Greer Law Group PLLC)*

                */s/ Marlo Greer*
                Marlo Greer
                3773 Cherry Creek Dr N, Suite 575
                Denver, CO 80209
                Telephone: (303) 331-6460
                Facsimile: (303) 399-6480
                Email: mgreer@gvlegal.net
                *Attorneys for Plaintiff*

Plaintiff's

Address:
5445 Prominence Point
Colorado Springs, CO 80923-4490